UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME HEALTHCARE SERVICES – SHASTA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ERIC D. HARGAN, Acting Secretary of the Department of Health and Human Services,<br><br>Defendant. | No. 2:17-cv-00069-TLN-KJN;<br>No. 2:17-cv-00071-TLN-KJN;<br>No. 2:17-cv-00072-TLN-KJN;<br>No. 2:17-cv-00073-TLN-KJN;<br>No. 2:17-cv-00074-TLN-KJN;<br>No. 2:17-cv-00082-TLN-KJN;<br>No. 2:17-cv-00431-TLN-KJN<br><br>**ORDER** |

Plaintiff Prime Healthcare Services – Shasta, LLC ("Plaintiff") and Defendant Eric D. Hargan ("Defendant" or the "Secretary") are the sole parties to the seven related cases identified in the caption (collectively, "Related Cases"). In each of the Related Cases, Defendant filed a Request to Seal that was substantially identical.[1] The Court denied that request in a single order (the "Original Order") filed on November 2, 2017.[2] (ECF No. 30) In each case, Defendant filed

/ / /

---

[1] Requests to Seal are not docketed. Consequently, the Court will cite to the pagination as it appears on the original document. The Court will refer to "Request to Seal" in citations because there is no material difference between the Requests to Seal.

[2] The Original Order has been docketed in each of the Related Cases. For ease of reference, docket entries cited or referenced in this Order are taken from 2:17-cv-00069-TLN-KJN.

1

an application for reconsideration.[3] (ECF No. 32.) For the reasons set forth below, the Applications for Reconsideration are DENIED.

## I. INTRODUCTION AND BACKGROUND

Each of the Related Cases "concerns whether Plaintiff's provision of inpatient hospital services to a Medicare beneficiary was reasonable and necessary as required for reimbursement under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq." (ECF No. 30 at 1.) This Court has filed an order in six of the Related Cases that discussed the scope of judicial review applicable to the type of case at issue. (ECF No. 20.) The Court will not rehash that discussion here. It is sufficient to quote Defendant's succinct characterization: this is a "limited-review administrative record case." (ECF No. 13 at 4.)

As the Original Order explained, Defendant "request[ed] that the Certified Administrative Record ("CAR") for each of the Related Cases be filed and kept permanently under seal." (ECF No. 30 at 1 (internal quotation marks omitted).) Defendant's argument had two parts. The first part can be summarized as follows. Defendant acknowledged there was a strong common law presumption in favor of public access to court records. (Request to Seal at 1.) Defendant further acknowledged it bore the burden of overcoming this presumption by demonstrating there is a "compelling reason" for sealing the requested items. (Request to Seal at 1.) Defendant cited several district court opinions from within the Ninth Circuit for the proposition that a patient's medical records and personal identifying information are sufficiently "compelling reasons" to justify protecting such information from disclosure under this standard. (Request to Seal at 1.)

The thrust of the second part of Defendant's argument was that it should be permitted to file the entire CAR under seal because "redacting all personal identifying information in the CAR . . . would likely be a burdensome and resource-intensive undertaking." (Request to Seal at 2.) Defendant suggested this would take "approximately 20 hours of paralegal time and eight hours of attorney-review time." (Request to Seal at 2.)

The Court after reviewing the cases cited in support of the first part of Defendant's

---

[3] The Court will refer to the "Application for Reconsideration" throughout the Order as there is no material difference between the applications, citing to the docket entry as indicated in footnote 2.

2

argument agreed with Plaintiff that protecting the privacy of a patient's medical records and personal identifying information were sufficiently "compelling reasons" under the standard applying to the common law presumption. (ECF No. 30 at 2.) The Court rejected Defendant's second argument. (ECF No. 30 at 2–3.) Consequently, the Court denied Defendant's request with leave to file a renewed request in accordance with Local Rule 141(b) and the Court's Original Order. (ECF No. 30 at 3.) The instant Applications for Reconsideration followed.

Generally, a party seeking an order from a district court is required to "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Defendant has neither identified the Court's authority to reconsider the Original Order nor the legal standard applicable. The Court construes the instant application either as an appeal to the Court's inherent authority or a request pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Court will briefly set forth the standard of review before explaining why that standard is not satisfied here.

## II. STANDARD OF REVIEW

"The general rule regarding the power of a district court to rescind an interlocutory order is as follows: As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks omitted). This power "is derived from the common law, not from the Federal Rules of Civil Procedure." *Id*. at 886. In addition to the inherent power to modify a non-final order, Rule 54(b) of the Federal Rules of Civil Procedure authorizes a district court to revise a non-final order "at any time before entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989) (citing Rule 54(b) for the proposition that "the Federal Rules of Civil Procedure explicitly grant courts the authority to modify their interlocutory orders").

While "a district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law," it "should generally leave a previous decision undisturbed

absent a showing of clear error or manifest injustice." *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000); *see also Frye v. Warden, San Quentin State Prison*, 200 F. Supp. 3d 1035, 1038 (E.D. Cal. 2016) ("But as a general rule, previous orders should stand in the absence of extraordinary circumstances, such as where the initial decision was clearly erroneous and would work a manifest injustice.") (internal quotation marks and alteration marks omitted). The burden is on the party challenging a court's earlier ruling or order to demonstrate reconsideration is appropriate. *See U.S. ex rel. Oliver v. The Parsons Corp.*, 498 F. Supp. 2d 1260, 1277 (C.D. Cal. 2006).

### III. ANALYSIS

Ninth Circuit precedent recognizes a strong common law presumption in favor of public access to court records. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Defendant bears the burden of overcoming this presumption by demonstrating there is a "compelling reason" for sealing the requested items. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "To seal the records, the district court must articulate a factual basis for *each compelling reason* to seal." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added).

Defendant's two-part argument in favor of sealing the entire CAR requires this Court to find two, separate compelling reasons. This is easily demonstrated. The first part of the argument asked the Court to find there was a "compelling interest" for preserving the privacy of the Medicare beneficiaries whose treatment is at the heart of the Related Cases. (Request to Seal at 1.) After reviewing the cited authorities and carefully considering the matter, the Court agreed there was a compelling interest in preserving the privacy of the Medicare beneficiaries.

It was the second part of Defendant's argument that was problematic. The reason offered for sealing the CAR entirely rather than "redacting all personal identifying information in the CAR" was that redaction of this sort "would likely be a burdensome and resource-intensive undertaking." (Request to Seal at 2.) That is, Defendant in effect asked this Court to recognize a second compelling interest *for sealing the parts of the CAR that were not personal identifying information* — that it would take "approximately 20 hours of paralegal time and eight hours of

4

attorney-review time" to redact that information.

The suggestion that "20 hours of paralegal time and eight hours of attorney-review time" is a compelling interest is remarkable. (Request to Seal at 2.) It is one for which the Request to Seal offered no support in the form of meaningful legal analysis. Indeed, Defendant cited no legal authority whatsoever for this proposition. Defendant plainly did not meet its burden with its Request to Seal. Likewise, Defendant fails to meet its burden here in its Application for Reconsideration. Section II of the Application for Reconsideration is labeled "Basis for Reconsideration." (ECF No. 32 at 3–6.) Absent from that section is any attempt to explain why there is a compelling interest in the government not expending "20 hours of paralegal time and eight hours of attorney-review time." In fact, the word "compelling" appears nowhere in that section. Simply put, Defendant has not demonstrated — as it had the burden to do — that the Original Order contained a clear error, worked a manifest injustice, or that there was some other extraordinary circumstance justifying reconsideration. For this reason alone, the Applications for Reconsideration should be denied.

The Court will briefly address two points from the Application for Reconsideration. First, Defendant suggests for the first time in the Application for Reconsideration that it should not be required to redact the CAR because the time it would take to do so "is excessive here, given that each of the Prime cases has an amount in controversy that ranges from only $6,047.01 to $14,204.28."[4] (ECF No. 32 at 6.) For this argument to have been cogently made, the party making it would have to tackle what makes an interest compelling. Defendant did not.

Admittedly, "[p]recisely what constitutes a 'compelling interest' is not easily defined." *Republican Party of Minnesota v. White*, 416 F.3d 738, 749 (8th Cir. 2005) (en banc) (noting "[a]ttempts at definition generally use alternative, equally superlative language" such as an "interest of the highest order" or an "unusually important interest"). The Court is aware quotations from the Eighth Circuit's en banc opinion in *White* are discussing the First Amendment standard. Likewise, the Court is aware that "[t]he federal common law right of

---

[4] Applications for reconsideration are not the proper vehicle for raising legal arguments for the first time. Motions to seal are not practice runs.

5

access is not absolute, and is not entitled to the same level of protection accorded a constitutional right." *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999).  Nevertheless, the point remains that the precise contours of what makes an interest "compelling" are somewhat hard to define.  For example, in *San Jose Mercury News*, the Ninth Circuit indicated "the presumption [in favor of public access] can be overcome by *sufficiently important countervailing interests*." *Id*. (emphasis added).  There, the Ninth Circuit pin-cited *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), for factors to weigh in identifying such an interest.  *Hagestad* provided as follows:

> The factors relevant to a determination of whether the strong presumption of access is overcome include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.

*Hagestad*, 49 F.3d at 1434 (internal quotation marks omitted).

Or, as *Kamakana* put it:

> In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.

*Kamakana*, 447 F.3d at 1179 (some internal quotation marks omitted).

Absent from *Hagestad*'s factors, or the general rule given in *Kamakana*, is a consideration of a litigant's seeming disinterest in the outcome of a case due to its relative low monetary stakes.[5]  In any event, the benefit a party might receive from defending litigation may not be strictly motivated by dollars and cents.  The litigant may be motivated by principle.  The motivation may be some combination of the two (or something else altogether).  Whatever the motivation, it is not for this Court to tell litigants whether litigating a case to conclusion is a game

/ / /

/ / /

---

[5] Admittedly these factors are not exclusive.  If the Ninth Circuit has called for the consideration of such a factor, it is the burden of party seeking to seal a court record to bring it to the Court's attention accompanied by something in the way of legal analysis.  The Court does not have time to do the parties research for them.

that is worth the candle.[6]

The second point that Defendant makes is that courts in the Ninth Circuit routinely grant similar requests. (ECF No. 32 at 3–5.) The Court will assume that is so. In reviewing the Request to Seal, the Court was not interested whether, as a statistical matter, other courts granted requests to seal administrative records *routinely*. The Court was interested whether *in the Related Cases* it would be *legally proper* to do so. It was Defendant's obligation to show that it was legally proper *at the time it made its Requests to Seal*. It did not.

For the foregoing reasons, the Application for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: December 8, 2017

                                            Troy L. Nunley
                                            United States District Judge

---

[6] "The phrase that 'the game is not worth the candle' is a phrase meaning that the cost of the endeavor is not worth the possible benefit." *In re Achterberg*, 573 B.R. 819, 842 n.68 (Bankr. E.D. Cal. 2017) (citing Cambridge Advanced Learner's Dictionary & Thesaurus, Cambridge University Press).